On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the silvered plate glass, electro-copper backed, here involved, and that such value was United States dollars 0.75 per square foot, packed, less 1 per centum cash discount, less nondutiable charges for f. o. b. expenses and ocean freight amounting to United States dollars 146.67.

Judgment will be rendered accordingly.

SEPTEMBER 16, 1954

**Reap. Dec. 8333.—** ▮▮▮▮▮▮▮▮-*Charles Stockheimer, Inter-Maritime Fwdg. Co., Inc.* v. *United States.* Reap. Dec. 8277.   Motion by defendant.

(Reap. Dec. 8334)

PENSON & CO. *v.* UNITED STATES

Entry No. 752322, etc.

(Decided September 23, 1954)

*Siegel, Mandell & Davidson* for the plaintiff.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

MOLLISON, Judge:   The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that the issues in the appeals to reappraisement listed herein are the same in all material respects as the issues in the case of *United States* v. *Schroeder & Tremayne, Inc., et al.*, Suit 4783 and that the record in said case may be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED, that the entered values of the merchandise involved in the cases listed herein are equal to the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the Country from which exported in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that the foreign value of such or similar merchandise was no higher.

IT IS FURTHER STIPULATED AND AGREED that these cases may be deemed submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the entered values.

Judgment will be rendered accordingly.

(Reap. Dec. 8335)

AMERICAN SPONGE & CHAMOIS CO., INC. (ATLAS SHIPPING CO.— BROKER), ET. AL. *v*. UNITED STATES

Entry No. 760976, etc.

(Decided September 23, 1954)

*Siegel, Mandell & Davidson* for the plaintiffs.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that the issues in the appeals to reappraisement listed herein are the same in all material respects as the issues in the case of *United States* v. *Schroeder & Tremayne, Inc., et al.*, Suit 4783 and that the record in said case may be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED, that the entered values of the merchandise involved in the cases listed herein are equal to the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the Country from which exported in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that the foreign value of such or similar merchandise was no higher.

IT IS FURTHER STIPULATED AND AGREED that these cases may be deemed submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the entered values.

Judgment will be rendered accordingly.